```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL - STATE BAR #50246
220 Montgomery Street, Suite 303
San Francisco, California 94104
Telephone: (415) 392-5431

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE BAY AREA ROOFERS, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>STRAIGHTLINE CAULKING, etc.,<br><br>　　　　　　Defendant. | NO. C 08 5557 JSW<br><br>JUDGMENT PURSUANT<br>TO STIPULATION |

It appearing that Plaintiffs BOARD OF TRUSTEES OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; DOUG ZIEGLER, TRUSTEE, and defendant, STRAIGHTLINE CAULKING & WATERPROOFING, INC., a California corporation, have entered into a Stipulation that Plaintiffs have and recover judgment from Defendant and it appearing that the Stipulation is in all respects proper and that the Stipulation provides for judgment against defendant in the amount of $18,343.08,

IT IS HEREBY ORDERED AND ADJUDGED that BOARD OF TRUSTEES

<u>JUDGMENT PURSUANT TO STIPULATION</u>　　　　　　　　　　　　　　　　1

OF THE BAY AREA ROOFERS HEALTH & WELFARE TRUST FUND, PACIFIC COAST ROOFERS PENSION PLAN, EAST BAY/NORTH BAY ROOFERS VACATION TRUST FUND, BAY AREA COUNTIES ROOFING INDUSTRY PROMOTION FUND, BAY AREA COUNTIES ROOFING INDUSTRY APPRENTICESHIP TRAINING FUND; DOUG ZIEGLER, TRUSTEE, have and recover judgment against defendant, STRAIGHTLINE CAULKING & WATERPROOFING, INC., a California corporation, in the amount of $18,343.08, which amount is composed of the following:

  a. Contributions for the months of February 2008 through October 2008 due and unpaid to plaintiffs in the total amount of $14,529.70;

  b. Liquidated damages due and unpaid to the plaintiffs in the amount of $2,905.94;

  c. Interest due pursuant to contract in the amount of $557.44; and

  d. Costs of suit incurred herein in the amount of $350.00.

  IT IS FURTHER ORDERED AND ADJUDGED and agreed by the parties hereto that an abstract of judgment will be recorded but execution will not issue on the judgment so long as defendant fully complies with the following conditions:

  1. Defendant shall make payments of all amounts to become due to plaintiffs for hours worked by defendant's employees, commencing with the payment for November 2008 hours due on or before December 25, 2008 and continuing until the full amount of the judgment is paid. Each of said payments will be made by check payable to the Roofers Local Union No. 40 and/or Roofers Local Union No. 81 and should be sent to ERSKINE & TULLEY, Attention:

**JUDGMENT PURSUANT TO STIPULATION**            **2**

Michael J. Carroll, 220 Montgomery Street, Suite 303, San Francisco, California 94104.

    2.   Defendant shall pay the amount of the contributions under paragraph (a) ($14,529.70) as follows:

| Due Date | Amount of Payment |
|---|---|
| Upon Execution | $4,000.00 |
| December 25, 2008 | $2,500.00 |
| January 25, 2009 | $2,500.00 |
| February 25, 2009 | $2,500.00 |
| March 25, 2009 | $2,500.00 |
| April 25, 2009 | $ 529.70 |

These payments will be made when the current month is paid pursuant to paragraph 1 above. Each of said payments will be made by check payable to the ERSKINE & TULLEY and should be sent to ERSKINE & TULLEY, Attention: Michael J. Carroll, 220 Montgomery Street, Suite 303, San Francisco, California 94104.

    3.   Once the above amount of $14,529.70 is paid in full, the Board of Trustees of Plaintiff Trust Funds will review defendant's eligibility for a waiver of the liquidated damages and interest owed as stated in paragraphs (b) and (c) above.

    4.   Plaintiffs and Defendant each understand and agree that any modification of payments must be made in writing and agreed to by both the Plaintiffs and the Defendant.

    IT IS FURTHER ORDERED AND ADJUDGED by the parties hereto that upon failure of the Defendant to make any of their monthly contribution payments pursuant to the collective bargaining agreement as set forth in paragraph 1 above, and the monthly installment payments in a timely manner as required above, and

**JUDGMENT PURSUANT TO STIPULATION**    3

pursuant to the terms of the stipulation as set forth in paragraphs 2 and 3 reduced by any offsets for payments made, shall issue without notice to the Defendant upon the filing of a declaration by Plaintiffs or Plaintiffs' attorney stating that a default has occurred on the part of the defendant. Defendant waives notice of any hearing held by the court upon the earlier execution of this judgment or Plaintiffs' declaration.

This judgment shall cover only the amounts paid pursuant to this stipulated judgment. The judgment does not include any unknown amounts due to the Plaintiff for the time period May 2005 through April 2006, which may be discovered at a later date, and specifically does not waive the right of the Trust Funds to audit the employer for that time period and collect any additional monies found delinquent as a result of an audit.

Dated: __January 14, 2009__    _____
United States District
Court Judge Jeffrey S. White

**JUDGMENT PURSUANT TO STIPULATION** 4